IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACKER MARINE, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 11-3238-CV-S-ODS |
| | ) | |
| SUNSET MARINE OF PUERTO RICO, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER (1) ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION; AND (2) ENTERING JUDGMENT IN FAVOR OF PLAINTIFFS

On December 9, 2013, the Court referred this case to the Honorable David P. Rush, United States Magistrate Judge, for purposes of conducting a hearing on damages and making a Report and Recommendation. On December 11, 2013, the hearing on damages was held. On July 7, 2014, Judge Rush entered his Report and Recommendation (Doc. # 135). No response was filed to the Report and Recommendation and the time for doing so has passed. After conducting a *de novo* review, the Court hereby adopts the Report and Recommendation in its entirety. Accordingly, the Court finds the following:

  1. Tracker Marine, LLC is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri.

  2. Mako Marine International, LLC f/k/a Mako Marine International, Inc. is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Springfield, Missouri.

  3. At all relevant times hereto, Defendant Sunset Marine was a corporation organized and existing under the laws of the Commonwealth of Puerto Rico.

4. Defendant Nieto is a married individual residing in San Juan, Puerto Rico, and, at all relevant times hereto, was the owner, operator, and president of Sunset Marine.

5. Defendant Perea is a married individual, the spouse of Nieto, residing in San Juan, Puerto Rico.

6. Jurisdiction and venue are proper in this Court.

7. Tracker Marine filed its Complaint on July 12, 2011, against Sunset Marine and the Nietos.

8. Sunset Marine and the Nietos failed to comply with discovery practice and refused to comply with multiple Orders of this Court. Days prior to the original trial setting, Sunset Marine filed for bankruptcy protection.

9. Sunset Marine is the Chapter 11 Debtor in *In* re *Sunset Marine of PR, Inc.*, Case No. 12-090983 (MCF), United States Bankruptcy Court for the District of Puerto Rico (the "Sunset Bankruptcy Action"), and, on July 24, 2013, the automatic stay was modified in the Sunset Bankruptcy Action to permit the instant case to proceed to "final, firm and unappealable judgment."

10. Tracker Marine filed its Motion for Sanctions for Defendants' ongoing discovery violations, which the Court granted in part and permitted Tracker Marine to renew at the end of the case.

11. Tracker Marine filed its First Amended Complaint on November 18, 2013.

12. Sunset Marine and the Nietos again failed to comply with this Court's Orders, including an Order for the individuals to respond fully to Tracker Marine's outstanding discovery requests by date certain and for all Defendants to retain local counsel.

13. On December 2, 2013, this Court struck Defendants' pleadings as sanctions; namely, the Defendants' Answer, Affirmative Defenses, and Counterclaims alleged and filed against Tracker Marine and in response to Tracker Marine's Complaint.

14. Tracker Marine is the manufacturer of various models of boats, boat packages, motors, trailers, and marine accessories.

15. Sunset Marine is an entity formerly authorized to purchase and re-sell to first-use retail customers one or more boats, boat packages, or other Tracker products specifically authorized by Tracker.

16. In 2005, Tracker and Sunset Marine first entered into a Dealer Agreement, which appointed Sunset Marine as an independent, non-exclusive Dealer authorized to purchase certain model year Tracker products for resale to first-use retail purchasers.

17. Tracker and Sunset Marine maintained the dealership relationship for the model years 2006, 2007, 2008, and 2009.

18. Dealer Agreements between Tracker and an authorized dealer for the next model year programs typically were executed in August of the preceding calendar year with a term to end in July of the model year.

19. By mutual agreement and delay, the 2008 model year Dealer Agreement was fully executed by the parties on May 15, 2008 (the "2008 Agreement").

20. The parties executed a 2009 Model year program agreement with an effective date of September 18, 2008 (the "2009 Agreement").

21. The 2009 Agreement terms are consistent with the 2008 Agreement terms.

22. Tracker Marine fully complied with its obligations pursuant to the 2008 Agreement and the 2009 Agreement.

23. In early 2009, Sunset Marine failed to pay for an ordered and delivered Tracker boat leaving an outstanding balance on Sunset Marine's account of approximately $29,000.00.

24. Tracker repeatedly made demand on Sunset Marine to bring its account current, but Sunset Marine failed to make its payments in full.

25. Tracker assigned the Sunset Marine account to a collections agency.

26. In July/August 2009, Tracker did not offer a dealership opportunity to Sunset Marine for the 2010 model year program or renew the 2009 Agreement because of Sunset Marine's past-due account balance.

27. In September 2009, Tracker terminated Sunset Marine's access to the internal ordering and warranty submission system, but continued telephone contact with Sunset Marine in an attempt to negotiate for Sunset Marine's payment due to Tracker.

28. On or about December 21, 2009, Sunset Marine made a payment of $4,954.86 to Tracker for partial payment of the outstanding balance due for the 2009 model year program.

29. On or about October 27, 2008, Tracker sold Sunset Marine a 2009 model year Mako 284 Ex 2009 boat MRKTN054H809 (the "Mako") for the purchase price of Ninety-Six Thousand Five Hundred Thirty-One and 41/100 Dollars ($96,531.41), which included a dealer discount and shipping charges.

30. Sunset Marine paid the purchase price of the Mako to Tracker and accepted delivery of the Mako.

31. Sunset Marine was obligated under the Dealer Agreement to complete a "proper inspection, adjustment, rigging, preparation, and delivery" of the Mako and assumed "sole responsibility for its workmanship in the inspection, adjustment, rigging, preparation, and delivery of boats."

32. Tracker Marine made "no warranty, express or implied, as to the merchantability or fitness for a particular purpose of any products or goods sold to any person or entity pursuant to this agreement."

33. Sunset Marine did not notify Tracker Marine of any concerns regarding the Mako's merchantability or fitness for a particular purpose.

34. Tracker Marine fulfilled its obligations pursuant to the applicable Dealership Agreement with respect to the Mako.

35. On or about February 1, 2010, Nieto and Perea took personal possession of the Mako.

36. Sunset Marine failed to sell the Mako to a first-use retail purchaser, but, instead, transferred it to the Nietos (Sunset Marine's president and spouse) for use in commercial chartering.

37. No party executed a Tracker Limited Warranty for the Mako.

38. Nieto and Perea intended to and did use the Mako for commercial chartering from the date of transfer to at least August 2010.

39. The Limited Warranty expressly excludes "[a] boat which is used commercially . . ."

40. Tracker Marine paid for a repair to the Mako in the amount of $1,738.27 before discovering Nieto and Perea used the Mako in commercial chartering.

41. Nieto and Perea claim the Mako is defective and they are entitled to a "refund" in the amount of at least $147,500.00 and other damages.

42. The Dealer Agreements provided Sunset Marine "will indemnify, defend, and hold harmless Tracker and its affiliates against all actions, claims, obligations, demands, or expenses (including attorneys' fees) arising out of or relating to [Sunset Marine's] performance or failure to perform its obligations under this Article 4.3."

43. Tracker Marine has met its obligations pursuant to each dealership agreement with Sunset Marine, including the 2008 Agreement and the 2009 Agreement.

44. The 2008 Agreement expired by its terms.

45. The 2009 Agreement expired by its terms.

46. Tracker Marine renewed the dealership relationship with Sunset Marine in good faith for each model year until Sunset Marine refused to maintain its account in good standing.

47. Tracker Marine did not renew the dealership relationship with Sunset Marine for 2010 model year or beyond, and had no obligation to do so because Sunset

Marine owed money to Tracker Marine for the 2009 model year program purchases as of July 28, 2009 and continued to be past-due for substantial sums until December 2009.

48. Tracker Marine owes no Limited Warranty or other warranty obligations to Nieto or Perea.

49. Sunset Marine must indemnify Tracker Marine for its attorney fees and other costs associated with defending the claims made by its owner, Nieto, and/or Perea for breach of Sunset Marine's obligations under the 2008 Agreement and the 2009 Agreement.

50. Sunset Marine has refused to comply with its indemnification obligations pursuant to the Agreement(s) and failed indemnify Tracker Marine for defense costs related to Nieto and Perea's claims.

51. Sunset Marine's transfer of the Mako to Nieto and Perea violated Sunset Marine's obligations as a Tracker Marine authorized dealer and the transfer of the Mako to Nieto and Perea has led to the claims of Nieto and Perea against Tracker Marine.

52. Tracker Marine has had to retain the services of Husch Blackwell LLP and the Law Firm of Alejandro J. Cacho to bring this declaratory judgment action, defend against the counterclaims, defend against the Nietos' counterclaim, and has thus incurred reasonable attorneys' fees and costs.

53. Tracker Marine is entitled to recover its reasonable attorneys' fees and costs incurred in bringing this action under the terms of the Dealer Agreement(s) and pursuant to this Court's ability to award attorneys' fees as sanctions against the Defendants for discovery violations pursuant to Fed. R. Civ. P. 37(b)(2)(C).

For these reasons, judgment will be entered as follows:

1. Judgment is entered in favor of Plaintiffs and against Sunset Marine on Plaintiffs' Count I:

    A. Plaintiffs have met their obligations to Sunset Marine under all dealership agreements, including but not limited to the 2008 Agreement and

2009 Agreement, authorizing or purporting to authorize Sunset Marine to be a Tracker Marine boat and/or boat products dealer;

  B. Sunset Marine has a contractual obligation to and must indemnify Plaintiffs against any claim(s) made, whether past, existing, or future claims, known or unknown, regarding alleged defects of the Mako;

  C. Sunset Marine has a contractual obligation to and must indemnify Plaintiffs against any claim(s) made, whether past, existing, or future, known or unknown, regarding warranty protections for the Mako;

  D. Tracker Marine, in good faith, had no obligation to renew the dealership relationship with Sunset Marine for 2010 model year or beyond, because the 2009 Agreement expired by its terms on July 28, 2009, and as of that date, Sunset Marine owed money to Tracker Marine for the 2009 model year program purchases and continued to be past-due for substantial sums until December 2009.

  E. No Tracker Marine warranty, express or implied, for the Mako exists in favor of Sunset Marine, Nieto, and/or Perea.

  F. Plaintiffs have no obligation(s) to Nieto regarding the Mako; and

  G. Plaintiffs have no obligation(s) to Perea regarding the Mako.

 2. Judgment is entered in favor of Plaintiffs and against Defendant Sunset Marine on Plaintiffs' Count II for Sunset Marine's breach of its obligations under the applicable dealership agreement. Judgment is entered in favor of Plaintiffs and against Defendants Sunset Marine, Juan Carlos Nieto Rodriguez, and Maria Teresa Perea Fernandez, jointly and severally, in the amount of **One Hundred Thirty-Seven Thousand Two Hundred Nine and 95/100 Dollars ($137,209.95)** pursuant to the applicable dealership agreement and as sanctions imposed upon the Defendants pursuant to this Court's authority in Fed. R. Civ. P. 37(b)(2)(C) for their repeated joint and several failure to comply with this Court's discovery orders.

 3. Judgment is entered in favor of Plaintiffs and against Defendant Sunset Marine on Plaintiffs' Count III for Sunset Marine's breach of its obligation only to sell

Tracker Marine products to first-use retail purchasers in the amount of **One Thousand Seven Hundred Thirty-Eight and 27/100 Dollars ($1,738.27)**.

    4.    The costs of this action shall be, and hereby are, taxed against the Defendants, jointly and severally, in the amount of **Fifteen Thousand Six Hundred Twenty and 65/100 Dollars ($15,620.65)**.

    5.    Tracker Marine shall have execution thereon.

IT IS SO ORDERED.

    /s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 29, 2014    UNITED STATES DISTRICT COURT